UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X    Index No.: 1:24-cv-06991(JGLC)
KRESHNIK HOTI and DESIART YMERAGA, on
Behalf of themselves and others similarly situated,

                                   Plaintiffs,

      -against-                                          **ANSWER**

PATSY'S ITALIAN RESTAURANT INC., d/b/a
PATSY'S ITALIAN RESTAURANT, SAL
SCOGNAMILLO, JOSEPH SCOGNAMILLO, LISA
SCOGNAMILLO,
                                   Defendants.
-----------------------------------------------------------------X

Defendants PATSY'S ITALIAN RESTAURANT INC. d/b/a PATSY'S ITALIAN RESTAURANT, SAL SCOGNAMILLO, JOSEPH SCOGNAMILLO, LISA SCOGNAMILLO ("Defendants"), by their attorney **FRANKLIN, GRINGER & COHEN, P.C.**, as and for their answer to Plaintiff's Complaint (the "Complaint"), answer as follows:

## INTRODUCTION

1. Defendants deny the allegations contained in Paragraph 1 of the Complaint and further state that Paragraph 1 is gratuitous and unnecessary.

2. Defendants admit the allegations contained in Paragraph 2 of the Complaint.

3. Defendants admit the allegations contained in Paragraph 3 of the Complaint.

## THE PARTIES

4. Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5. Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6. Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7. Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8. Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9. Defendants admit the allegations contained in Paragraph 9 of the Complaint.

10. Defendants admit the allegations contained in Paragraph 10 of the Complaint.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11.     The eleventh paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer.

12.     The twelfth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer.

13.     The thirteenth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

14.     The fourteenth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer.

15.     The fifteenth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer.

16.     The sixteenth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer.

17.     The seventeenth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer.

18.     The eighteenth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer.

19.     The nineteenth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer.

20.     The twentieth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer.

21.     The twenty-first paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer.

## FACTS

22.     As to Paragraph 22 no response is required.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. Defendants admit the allegations contained in Paragraph 25 of the Complaint.

26. Defendants admit the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants admit the allegations contained in Paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. Defendants deny the allegations docuntained in Paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55. Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in Paragraph 57 of the Complaint.

### FIRST CLAIM FOR RELIEF
**(FLSA Overtime Violations, 29 U.S.C. § 201, *et seq.* Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)**

58. As to Paragraph 58 of the Complaint Defendants repeat and reallege its answers to each and every allegation contained in Paragraphs 1 to 57 of the Complaint as if fully set forth herein.

59. Defendants admit the allegations contained in Paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62. Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63. The sixty-third paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer.

### SECOND CLAIM FOR RELIEF
**(FLSA Illegal Deductions from Gratuities, 29 U.S.C. § 201, *et seq.* Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)**

64. As to Paragraph 64 of the Complaint Defendants repeat and reallege its answers to each and every allegation contained in Paragraphs 1 to 63 of the Complaint as if fully set forth herein.

65. Defendants admit the allegations contained in Paragraph 65 of the Complaint.

66. Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67. The sixty-seventh paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer.

### THIRD CLAIM FOR RELIEF
**(New York State Minimum Wage Violations, N.Y. Lab. L.§§ 650 *et seq.* Brought by Plaintiffs on Behalf of Themselves and the Class)**

68. As to Paragraph 68 of the Complaint Defendants repeat and reallege its answers to each and every allegation contained in Paragraphs 1 to 67 of the Complaint as if fully set forth herein.

69. Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71. The seventy-first paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer.

### FOURTH CLAIM FOR RELIEF
**(N.Y. Lab. L. § 650 *et seq.*, N.Y. Comp. codes R. & Regs. Tit. 12, § 146-1.4 Brought by Plaintiffs on Behalf of Themselves and the Class)**

72. As to Paragraph 72 of the Complaint Defendants repeat and reallege its answers to each and every allegation contained in Paragraphs 1 to 71 of the Complaint as if fully set forth herein.

73. The seventy-third paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer.

74. Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75. The seventy-fifth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer.

### FIFTH CLAIM FOR RELIEF
**(Illegal Deductions from Gratuities, N.Y. Lab. L. § 196-d and 198-b)**
**(Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Members)**

76. As to Paragraph 76 of the Complaint Defendants repeat and reallege its answers to each and every allegation contained in Paragraphs 1 to 75 of the Complaint as if fully set forth herein.

77. Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78. The seventy-eighth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer.

### SIXTH CLAIM FOR RELIEF
**(New York Spread of Hours Provisions N.Y. Comp. Code R. & Regs. tit. 12, §146-1.6 Brought by Plaintiffs on Behalf of Themselves and the Class)**

79. As to Paragraph 79 of the Complaint Defendants repeat and reallege its answers to each and every allegation contained in Paragraphs 1 to 78 of the Complaint as if fully set forth herein.

80. Defendants admit the allegations contained in Paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82. The eighty-second paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer.

### SEVENTH CLAIM FOR RELIEF
**(New York Wage Notice and Statement Requirements, N.Y. Lab. L. §§ 195, 198 Brought by Plaintiffs on Behalf of Themselves and the Class)**

83. As to Paragraph 83 of the Complaint Defendants repeat and reallege its answers to each and every allegation contained in Paragraphs 1 to 82 of the Complaint as if fully set forth herein.

84. Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85. The eighty-fifth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

86. The Complaint fails to state any claims by Plaintiffs against Defendants upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

87. This Court lacks subject matter jurisdiction over all of Plaintiffs' claims.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

88. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and/or filing periods and/or by the doctrine of laches.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

89. Defendants did not engage in willful conduct in violation of the NYLL and, at all times relevant to this action, acted in good faith and based upon a reasonable belief that its acts and/or omissions were not in violation of the NYLL. Accordingly, Plaintiffs and the purported class are not entitled to recover and award for liquidated damages for willful conduct pursuant to the NYLL.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

90. Plaintiffs and the purported class are not entitled to liquidated damages or an extended statute of limitations period because Defendants acted in good faith and had no reason to believe its actions and/or omissions willfully violated the FLSA and/or NYLL.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

91. Plaintiffs' claims are barred, in whole or in part, by equitable defenses, including the doctrines of equitable estoppel, waiver and/or unclean hands.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

92. Plaintiffs' claims cannot and should not be maintained on a class basis because those claims fail to meet the necessary requirements for certification as a class action, *inter alia*, numerosity, commonality, typicality, predominance, superiority, adequacy of class counsel and similarity.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

93. Plaintiffs are not similarly situated to the purported class.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

94. Plaintiffs are not suitable representatives for the purported class action.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

95. To the extent Plaintiffs or any other putative class action participants are exempt from eligibility for overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), they are not entitled to overtime compensation under the FLSA or under the New York Labor Law ("NYLL") pursuant to the NYLL and/or applicable wage orders.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

96. Defendants made complete and timely payments of all wages due to Plaintiff and any alleged putative class action participant. Accordingly, Plaintiffs and any alleged putative class action participant are not entitled to recover damages.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

97. Defendants and Plaintiffs and any of the alleged putative class members overtime wages at a rate of one and one-half times the applicable minimum wage rate under the NYLL and/or applicable wage orders.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

98. Plaintiffs lack standing to assert claims under the NYLL.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

99. Plaintiffs and the purported class are exempt from overtime pursuant to the FLSA and NYLL.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

100. Because no discovery has been taken at this state of the case, Defendants reserve the right to file and serve additional defenses, as appropriate.

**WHEREFORE,** Defendants demand judgment dismissing the Complaint in its entirety.

Dated: November 12, 2024

/s/
Michael D. Yim, Esq
**FRANKLIN, GRINGER & COHEN, P.C.**
*Attorneys for Defendants*
666 Old Country Road, Suite 202
Garden City, New York 11530
(516) 228-3131
(516) 228-3136 Fax
myim@franklingringer.com

To:   D. Maimon Kirschenbaum
      Michael DiGiulio
      Joseph & Kirschenbaum LLP
      32 Broadway, Suite 601
      New York, New York 10004

(212) 688-5640