# FRANKLIN, GRINGER & COHEN, P.C.

| | ATTORNEYS AT LAW | |
|---|---|---|
| Glenn J. Franklin | | Ken Sutak |
| Martin Gringer | | of counsel |
| Steven Elliot Cohen | 666 OLD COUNTRY ROAD, SUITE 202 | |
| Michael S. Mosscrop | GARDEN CITY, NEW YORK 11530-2013 | |
| Jasmine Y. Patel* | TELEPHONE (516) 228-3131.  FAX (516) 228-3136 | |
| Danielle Mietus | | |
| *ADMITTED TO NY AND NJ | | |

July 9, 2025

*Via ECF*
The Honorable Henry J. Ricardo, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Hoti et al. v. Patsy's Italian Restaurant, et al.* 24 Civ. 6991 (JGLC)(HJR)
              *Hoti et al. v. Patsy's Italian Restaurant, et al.* 24 Civ. 6999 (JGLC)(HJR)

Dear Judge Ricardo:

      This firm represents Defendants Patsy's Italian Restaurant, Sal Scognamillo, Joseph Scognamillo and Lisa Scognamillo (together the "Defendants") in the two (2) above referenced matters.  The Defendants respectfully submit this letter seeking (1) a resolution of Defendants' discovery dispute with Plaintiffs and (2) to advise the Court that Defendants have satisfied production of all documents in their possession in response to their letter, dated July 3, 2025.  Defendants respectfully request an order compelling Defendants to produce discovery related to the "Il Sorrento" restaurant.[1]

      On March 13, 2025, Defendants served a second set of discovery demands related to Il Sorrento restaurant.  Il Sorrento opened in November 2024 – two months after the filing of this lawsuit.  Plaintiffs are partners in that restaurant with one of Patsy's former partners, Frank Di Cola.  Mr. DiCola's departure from the restaurant in 2018 occurred in highly contentious circumstances.  Mr. DiCola is also Defendant Sal Scognamillo's cousin.  Both Sal and Mr. DiCola are grandchildren of the founder of Patsy's, Pasquale Scognamillo.  Sal's father was the majority owner of Patsy's until he transferred his most of his interest to Sal – making Sal the majority of Il Sorrento and not Mr. DiCola.  Il Sorrento markets its association with the Patsy's restaurant brand and legacy despite at least three owners engaged in serious disputes with Defendants.  Mr. DiCola has reached out to current Patsy's kitchen employees to join Il Sorrento.  Mr. DiCola continues to this day to claim the right to be designated heir to the Patsy's legacy and brand.

      The discovery demands sought background information concerning the ownership, formation, planning and launch of Il Sorrento.  The discovery demands separately sought any documents related to unemployment insurance claims by Plaintiffs.  On March 14, 2025,

---

[1] The Parties are schedule for a discovery conference on July 18, 2025 to discuss Plaintiffs' discovery demands.  We respectfully request the conference be utilized to address Defendants' disputes.

Plaintiffs produced in the wage and hour action a corporate formation agreement between Plaintiffs and Mr. DiCola executed in May 2024 – 4 months prior to filing this lawsuit.  Plaintiffs have refused to produce any further discovery.  On June 27, 2025, the parties met and conferred to discuss discovery disputes.  Plaintiffs reiterated their refusal to produce discovery in connection with the March 13th discovery demands.[2]

**Discovery is Directly Related to Plaintiffs' Constructive Discharge Claims and Timing of Harassment**

First, Defendants' discovery demands are clearly related to Plaintiffs' allegation that they quit their employment due to harassment when it appears that Plaintiffs quit to open a competitor restaurant.  The discrimination action, 24 Civ. 6999, alleges that Plaintiffs suffered a hostile work environment and were constructively discharged due to harassment on the basis of their race or national origin, as Albanians.  Plaintiffs' employment ended in September 2024 – a week prior to filing this action.  The complaint in the discrimination action is vague and silent to the dates of the alleged acts of harassment.  The complaint appears, by inference, to allege the bulk of harassment occurred in the months leading up to Plaintiffs' last date of employment with Defendants.

The circumstances surrounding Il Sorrento are immediately relevant to the issue of whether Plaintiffs were, in fact, constructively discharged or chose to leave for the sole purpose of launching and operating Il Sorrento.  The restaurant opened 2 months after Plaintiffs' left their employment with Defendants.  Further, the alleged harassment appears to have occurred in the months prior to the "alleged constructive discharge".  Plaintiffs' formal partnership with Mr. DiCola also occurred in the months prior to the termination of employment and clearly during the planning stages of launching Il Sorrento.

**Plaintiffs have a Vested Interest in Using Litigation for Improper Business Gains**

Second, Defendants are entitled to discovery to obtain evidence that Plaintiffs' true motive for filing this action is for unfair and tortious business purposes.  The Patsy's brand is highly coveted due to the restaurant's fame and history as a landmark institution.  The discrimination action alleges that Defendants' harassing conduct occurred as a response to their 25 plus years dispute over the Patsy's trademark.  In those actions, the opposing parties are Albanian and owners of the Patsy's Pizzeria business.  Those actions resulted in three contempt rulings by this Court against the Patsy's Pizzeria parties with over $800,000 in fines and damages.

In January 2025, Mr. DiCola represented to Defendants in an in-person meeting that: 1) other "Albanian" investors are part of the Il Sorrento ownership; 2) Plaintiffs and himself had plans to expand Il Sorrento into a multiple restaurant enterprise; and 3) in or about 2017 or 2018, he struck an arrangement with Plaintiffs and other servers (and without the Defendants' participation or knowledge) to not sue Patsy's for wage and hour claims while he was still a partner at Patsy's.  Mr. DiCola aggressively reiterated his claim as the rightful heir to the Patsy's legacy and brand.

Mr. DiCola and Plaintiffs have not worked with each other for six years but now are partners in a restaurant that invokes its association with and goodwill of Patsy's. The formation records also indicate that all initial capital was provided by Mr. DiCola and his wife. Plaintiffs each received 20% interest without any capital contribution. Mr. DiCola managed Plaintiffs' employment up until 2018 – or immediately before the statute of limitations cutoff in the wage and hour action. Two other former employees of Patsy's are current employees of Plaintiffs and Mr. DiCola at Il Sorrento. Those two have also opted in to the collective action in the wage & hour action, 24 Civ. 6991. Mr. DiCola has attempted to recruit other key employees at Patsy's including a lead kitchen chef who has intimate knowledge of proprietary recipes.

The discrimination action aggressively attacks Sal Scognamillo's character and his leadership of the Patsy's restaurant business. Plaintiffs have produced dozens of covert videos and audio recordings – none indicate that Mr. Scognamillo would have a propensity for derogatory remarks towards Albanians. In fact, discovery reveals that Mr. Scognamillo only made <u>positive</u> remarks about Albania. The overlap between the two restaurants is more than mere competitors or unrelated commercial endeavors. There is a likelihood of evidence that Plaintiffs and Mr. DiCola engaged in a concrete strategy to attack Mr. Scognamillo's interest in and association with Patsy's for their own business ambitions. Indeed, Plaintiffs and Mr. DiCola have a vested interest in Mr. Scognamillo's demise as the owner of and heir to Patsy's brand and legacy.

### Plaintiffs' Unemployment Records Contain Direct Statements Concerning Plaintiffs' Alleged Harassment and Constructive Discharge

Lastly, production of Plaintiffs' unemployment records are relevant because Defendants believe that Plaintiffs admits that another employee - not Mr. Scognamillo - made derogatory slurs against Albanians (which led to their constructive discharge). Mr. Ymerga, despite his partnership in Il Sorrento, received unemployment insurance. Mr. Hoti was initially denied his claims but appealed. At the hearing, Mr. Hoti withdrew his appeal.

### Defendants Have Produced All Outstanding Discovery

As of today, Defendants produced all outstanding discovery in their possession. This includes: (1) tip records for certain periods; (2) all of Plaintiffs' paystubs; and (3) rescanned and certain timeclock records. This production excludes time periods where Plaintiffs were not employed or Defendants have been unable to locate such documents. Defendants have also supplemented their production with additional documents and audio recordings.

### Conclusion

For all the reasons stated above, Defendants respectfully request that the Court order Plaintiffs to produce the outstanding discovery.

Respectfully submitted,

                    **FRANKLIN, GRINGER & COHEN, P.C.**

                    /s/
                    Michael D. Yim

Cc:    All Counsel of Record (*via* ECF)