UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
KRESHNIK HOTI and DESIART                    CASE NO. 24-CV-6991
YMERAGA, on behalf of themselves and
others similarly situated,

          **Plaintiffs,**

  v.

PATSY'S ITALIAN RESTAURANT INC.,
d/b/a PATSY'S ITALIAN RESTAURANT,
SAL SCOGNAMILLO, JOSEPH
SCOGNAMILLO, LISA SCOGNAMILLO;

          **Defendants.**
-------------------------------------------------------x


**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE**


JOSEPH & KIRSCHENBAUM LLP
Michael DiGiulio
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)


*Attorneys for Plaintiffs, Opt-In Plaintiffs, and proposed Class*

1

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... i

I. ARGUMENT ............................................................................................................... 1

    A. The Court Should Apply The Regular "Modest" Factual Standard of Review Because Discovery is Ongoing and No Depositions Have Taken Place ....................................... 1

    B. Plaintiff Has Made A Modest Factual Showing That They And Other Servers Are Similarly Situated ................................................................................................. 4

    C. The Court Should Ignore Defendants' Irrelevant Asides Regarding Il Sorrento and The "Death Threats" .............................................................................................. 7

    D. Plaintiffs' Proposed Notices And Plan Of Notice Should Be Approved ........................ 8

II. CONCLUSION ...........................................................................................................10

## TABLE OF AUTHORITIES

**Cases**

*Ahmed Hegazy v. Halal Guys, Inc.*, No. 22 Civ. 1880,
    2022 U.S. Dist. LEXIS 159160 (S.D.N.Y. Sept. 2, 2022) ................................ passim

*Amador v. Morgan Stanley & Co.*, Case No. 11 Civ. 4326,
    2013 U.S. Dist. LEXIS 19130 (S.D.N.Y. Feb, 7, 2013) ................................... 2

*Bocel v. Patzeria Family & Friends Inc.*, No. 21 Civ. 7384,
    2022 U.S. Dist. LEXIS 69979 (S.D.N.Y. Apr. 15, 2022) ................................. 5

*Brown v. Barnes & Noble, Inc.*, Case No. 16-CV-7333,
    2019 U.S. Dist. LEXIS 178250 (S.D.N.Y. Oct. 15, 2019) ............................... 3

*Chunyung Cheng v. Via Quadronno LLC*, No. 20 CV 8903,
    2021 U.S. Dist. LEXIS 182289 (S.D.N.Y. Sept. 23, 2021) .............................. 9, 10

*Dilonez v. Fox Linen Serv.*, 35 F. Supp. 3d 247 (E.D.N.Y. July 25, 2014) ................... 9

*Dingle v. Zon*, 189 F. App'x 8 (2d Cir. 2006) ............................................................... 5

*Estrada v. Kingsbridge Marketplace Corp.*, Case No. 17 CV 9890,
    2018 U.S. Dist. LEXIS 250478 (S.D.N.Y. Oct. 16, 2018) ............................... 2

*Guevara v. Fine & Rare Operations LLC*, Case No. 20 CV 5330,
    2022 U.S. Dist. LEXIS 4833 (S.D.N.Y. Jan. 10, 2022) ................................... 9

*Harper v. Gov't Emps. Ins. Co.*, 826 F. Supp. 2d 454 (E.D.N.Y. 2011) ...................... 2

*King v. Fedcap Rehab. Servs.*, No. 20 CV 1784,
    2022 U.S. Dist. LEXIS 18090 (S.D.N.Y. Feb. 1, 2022) ................................... 4, 7

*Korenblum v. Citigroup, Inc.*, 195 F. Supp. 3d 475 (S.D.N.Y. 2016) .......................... 3

*Kucker v. Petco Animal Supplies Stores, Inc.*, Case No. 14-CV-9983,
    2016 U.S. Dist. LEXIS 6416 (S.D.N.Y. Jan. 19, 2016) ................................... 2

*Morris v. Lettire Const., Corp.*, 896 F. Supp. 2d 265 (S.D.N.Y. 2012) ....................... 9

*Myers v. Hertz Corp.*, 624 F.3d 537 (2d Cir. 2010) ..................................................... 1

*Nahar v. Dozen Bagels Co.*, Case No. 15 CV 1613,
    2015 U.S. Dist. LEXIS 143839 (S.D.N.Y. Oct. 20, 2015) ............................... 9

*Onate v. AHRC Health Care, Inc.*, No. 20 Civ. 8292,
    2023 U.S. Dist. LEXIS 22543 (S.D.N.Y. Feb. 9, 2023) .................................... 4, 7, 8

*Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004) ......................................................... 7

Plaintiffs submit this reply memorandum of law in further support of their motion for conditional certification of an FLSA collective.[1]

I. ARGUMENT

### A. The Court Should Apply The Regular "Modest" Factual Standard of Review Because Discovery Is Ongoing and No Depositions Have Taken Place

Defendants' argument that the Court should apply the "modest plus" standard of review because all the necessary evidence has been disclosed, and this evidence "conclusively" demonstrates that servers were not denied tips, should be rejected. *See* D's MOL at 3, 11-12, 18-19. Defendants are wrong on the law and the facts. The "modest plus" standard of review only applies after discovery is complete and, as is plainly evident by the recent discovery disputes raised between the parties (Dkt. Nos. 71, 73, 74) and the fact that not a single witness has been deposed in this case yet, discovery is ongoing in this case and therefore the normal "modest factual showing" standard applies. DiGiulio Decl. ¶ 2.

In *Myers v. Hertz Corp.*, 624 F.3d 537 (2d Cir. 2010), the Second Circuit endorsed as "sensible" the two-step approach to collective certification of FLSA actions described in Plaintiff's moving brief. *Id*. at 555. The standard articulated by the Second Circuit for the first step of conditional certification is that Plaintiff need only "make a modest factual showing that [he] and others together were victims of a common policy or plan that violated the law." *Ahmed Hegazy v. Halal Guys, Inc.*, No. 22 Civ. 1880, 2022 U.S. Dist. LEXIS 159160, at *5, (S.D.N.Y. Sept. 2,

---

[1] With this memorandum, Plaintiffs submit the July 18, 2025 declaration of Michael DiGiulio ("DiGiulio Decl. __"). Herein, Plaintiffs also reference Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Conditional Certification (Dkt. No. 66) ("D's MOL at __); the Affidavit of Lisa Scognamillo (Dkt. No. 67) ("Lisa Aff. __"); the Affidavit of Michael Yim (Dkt. No. 68) ("Yim Aff. __"); the March 25, 2025 Declaration of Kresnik Hoti (Dkt. No. 54) ("Hoti Decl. __"); the March 25, 2025 Declaration of Desiart Ymeraga (Dkt. No. 55) ("Ymeraga Decl. __"); and Plaintiff's Memorandum of Law in Support of Motion for Collective Certification (Dkt. No. 56) ("P's MOL at __").

2022). This is the correct standard to apply, and as described in Plaintiffs' moving papers and herein, Plaintiffs have met it.

Defendants argue that a heightened "modest plus" standard should apply because the parties have begun the discovery process and have exchanged payroll documents.[2] D's MOL at 3, 11-12, 18-19. However, Defendants fail to acknowledge that "generally, Courts in this Circuit impose [this] heightened standard only after discovery closes in full." *Estrada v. Kingsbridge Marketplace Corp.*, Case No. 17 CV 9890, 2018 U.S. Dist. LEXIS 250478, at *23 (S.D.N.Y. Oct. 16, 2018); *see e.g., Kucker v. Petco Animal Supplies Stores, Inc.*, Case No. 14-CV-9983, 2016 U.S. Dist. LEXIS 6416, at *29 (S.D.N.Y. Jan. 19, 2016) (stating that "overwhelming case law in this Circuit clearly holds that a 'heightened standard is not appropriate during the first stage of the conditional certification process and should only be applied once the entirety of discovery has been completed'"); *Amador v. Morgan Stanley & Co.*, Case No. 11 Civ. 4326, 2013 U.S. Dist. LEXIS 19130, at *11 (S.D.N.Y. Feb, 7, 2013); *Harper v. Gov't Emps. Ins. Co.*, 826 F. Supp. 2d 454, 457-58 (E.D.N.Y. 2011) ("[C]ourts in this circuit hold generally that until the completion of discovery, [the 'modest factual showing'] analysis set forth in *Myers* applies.").[3] Because discovery is ongoing (DiGiulio Decl. ¶ 2) the Court should follow the vast majority of Courts in this Circuit and apply the normal "modest" standard under *Meyers*.

Tellingly, the two cases that Defendants cite to support their request that the Court apply a "modest plus" standard are cases in which "the discovery with respect to conditional certification

---

[2] Plaintiffs filed their motion on April 11, over three months ago, at which time Defendants had not produced many of the documents that they rely upon in their opposition motion. Defendants also submitted documents that, prior to their submission with Defendants' opposition, Defendants had not produced in discovery even though they were responsive to discovery requests Plaintiffs made in December 2024. *See,* DiGiulio Decl. ¶ 3; Yim Aff. Exs. D, E. F.

[3] Some Courts in this Circuit do not even apply the "modest plus" standard after discovery is closed and only do so later in the case after additional plaintiffs have had the opportunity to opt in. *See Estrada,* 2018 U.S. Dist. LEXIS 250478, at *24 ("Even where discovery has closed, come courts in this Circuit have declined to apply a heightened level of scrutiny particularly when the notice and opt-in period has not yet closed.") (collecting cases).

2

ha[d] been completed" and which had consisted of multiple party depositions. *Korenblum v. Citigroup, Inc.*, 195 F. Supp. 3d 475, 481 (S.D.N.Y. 2016); *Brown v. Barnes & Noble, Inc.*, Case No. 16-CV-7333, 2019 U.S. Dist. LEXIS 178250, at *5-6 (S.D.N.Y. Oct. 15, 2019). This is not the case here. Here, the Court did not order targeted discovery related to collective certification, and the discovery completed to date simply is not sufficient to warrant the heightened standard. Notably, while Defendants have produced payroll documents, no witnesses have been deposed and therefore, the import and meaning of such payroll documents has not been explored and is not in the record. *See* DiGiulio Decl. ¶ 2; *contra, Brown v*, 2019 U.S. Dist. LEXIS 178250, at *6-7 (applying modest plus standard when collective certification discovery was completed, which included conducting 14 depositions); *Korenblum*, 195 F. Supp. 3d at 479 (applying modest plus standard when completed discovery included depositions of multiple FRCP 30(b)(6) witnesses and of the plaintiffs). This is particularly important because, as Plaintiffs consistently allege throughout this case, Defendants altered and manufactured the tip records to cover up that they diverted tips away from servers, and Plaintiffs have not had the opportunity to question Defendants' witnesses as to the very documents that Plaintiffs contend were manipulated.[4] Amended Complaint (Dkt. 11) ("Am. Compl.") ¶¶ 26-35; Hoti Decl. ¶¶ 14-22; Ymeraga Decl. ¶¶ 14-20. Thus, even if the Court were to consider applying the "modest plus" standard before discovery is completed, the Court should not do so here because Plaintiff has not had the opportunity to complete discovery on the core issues in the case – the veracity of Defendants' pay and tip records.

---

[4] In this motion, Defendants rely on Defendant Lisa Scognamillo's explanation of what the payroll and tip documents show and declare that her explanation is definitive and that, therefore, there is no dispute that Plaintiffs were paid all the tips they are owed. D's MOL at 19-22; Lisa Aff. ¶¶ 8-20. Plaintiffs disagree. Because Plaintiffs have not had the opportunity to question Defendant Lisa Scognamillo under oath, Plaintiffs would be highly prejudiced if the Court credited her explanations on this motion.

3

### B. Plaintiffs Have Made A Modest Factual Showing That They And Other Servers Are Similarly Situated

Plaintiffs have made a modest factual showing that they and other putative collective members – *i.e.*, other servers – are similarly situated with respect to their FLSA overtime and tip misappropriation claims. As set forth in Plaintiffs' moving brief, Plaintiffs have shown that they and other putative collective members (1) worked more than 40 hours per week; and (2) worked off the clock, resulting in unpaid overtime compensation and that (3) Plaintiffs and other putative collective members participated in a tip pool and (4) did not receive all of the tips they earned. *See* P's MOL at 6-8. Plaintiffs made this showing with the same type of evidence that courts regularly find sufficient: two declarations identifying specific people, including the declarants, subject to the same allegedly unlawful practices, as well as the filed complaint, Defendants' pay records, and screenshots of Defendants' POS system showing tip and pay irregularities. *See e.g., Onate v. AHRC Health Care, Inc.*, No. 20 Civ. 8292, 2023 U.S. Dist. LEXIS 22543, at *6, (S.D.N.Y. Feb. 9, 2023) (granting conditional certification based on named Plaintiffs' declarations and pay records); *King v. Fedcap Rehab. Servs.*, No. 20 CV 1784, 2022 U.S. Dist. LEXIS 18090, at *11-12 (S.D.N.Y. Feb. 1, 2022) (granting conditional certification based on two employee declarations and pay records).

Contrary to Defendants' contentions, Plaintiffs' declarations are not conclusory or vague. *E.g.,* D's MOL at 2, 6, 13, 15. Plaintiffs' declarations are specific and based on personal knowledge of things at the Restaurant that they witnessed first-hand or that their co-workers told them about[5] – *i.e.*, the schedules and duties of themselves and their co-servers, the clock-in and out practices of themselves and other servers, what instructions Defendants gave them and other servers, how the tip pool generally operated, and suspicious irregularities in the tip pool that conform with

---

[5] Notably, "[h]earsay assertions about co-workers' circumstances have consistently been found to be sufficient for purposes of FLSA conditional certification." *Ahmed Hegazy*, 2022 U.S. Dist. LEXIS 159160, at *10 (collecting cases).

4

Plaintiff's allegations that Defendants stole tips. (Hoti Decl. ¶¶ 4-21; Ymerga Decl. ¶¶ 4-19.) A statement of a person's experiences or observations is not conclusory, even if every detail relating to those experiences or observations is not recounted. *See Dingle v. Zon*, 189 F. App'x 8, 11 (2d Cir. 2006). For example, contrary to Defendants' repeated contention that Plaintiffs have not provided any evidence that they were not paid for all overtime hours they worked, Plaintiff Hoti provides, by way of an example, a specific work week in July 2024 in which he worked overtime during a period when he would work off the clock at the beginning of his shift, for which he was never paid. Hoti Decl. ¶¶ 5-7, Ex. 1. Plaintiff Hoti goes on to specifically name at least four other co-workers that he witnessed, or that told him that they, worked overtime on weeks where they worked off the clock, for which they were not paid. Hoti Decl. ¶¶ 6-13. Plaintiffs also submit clear and specific evidence that Defendants stole tips from the tip pool. Plaintiff Hoti attests that all servers participated in the tip pool, and that Defendants diverted tips out of the pool and covered it up in various ways, including by running end of the night reports early before all tables were closed or by manipulating the amount of tips that were collected by specific servers.[6] *See* Hoti Decl. ¶¶ 14-21, Ex. B. This is sufficient to meet the modest factual showing standard that servers were similarly situated to Plaintiffs and were subject to a common unlawful policy by Defendants.

That Defendants dispute Plaintiffs' evidence is unsurprising, but such a dispute cannot defeat Plaintiffs' motion. As set forth in Plaintiffs' moving brief, in deciding this motion the Court "does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Ahmed Hegazy*, 2022 U.S. Dist. LEXIS 159160, at *6 (cleaned up);

---

[6] By way of a specific example, Plaintiff Hoit submitted screenshots from the August 4, 2024 shift showing serious irregularities in the tip pool (i.e., a server contributing no tips on a shif but receiving over $200 in tips at the end of the shift), which support Plaintiffs' allegations that Defendants diverted tips out of the pool and into their pockets. *See* Hoti Decl. ¶¶ 18-19, Ex. 2. While the Court cannot resolve any factual disputes in this motion or credit Defendants' explanations over Plaintiffs, it is noteworthy that Defendants do not explain this specific irregularity but merely float a number of possible theories for why a server may have no tips credited to him in the system. *See* D's MOL at 17.

*see also*, *e.g.*, *Bocel v. Patzeria Family & Friends Inc.*, No. 21 Civ. 7384, 2022 U.S. Dist. LEXIS 69979, at \*7 (S.D.N.Y. Apr. 15, 2022). Defendant's opposition largely consists of improper merits-based arguments. Specifically, Defendants submit copious amounts of payroll documents and an affirmation from Defendant Lisa Scognamillo explaining how Defendants could not have violated the FLSA. D's MOL at 19-22; Lisa Aff. ¶¶ 8-20. As noted above, Plaintiffs have not deposed Ms. Scognamillo yet, dispute Defendants' interpretation of the payroll documents, and contend that there are serious irregularities in these documents which would support a finding that Defendants misappropriated tips.[7] In addition, and more fundamentally, Plaintiffs' contention in this case is that Defendants manipulated these records, and as such, they dispute their veracity. *See* Am. Compl. ¶¶ 28-29 (Plaintiffs' alleging "Defendants have ultimate control over the pay and tip records at the Restaurant and manipulate these records to steal tips from their employees."). Regardless, these are all merits arguments, which are completely irrelevant to the consideration of this motion and should be disregarded in full. "[E]vidence submitted by defendants disputing the facts alleged by plaintiffs do not undermine the modest factual showing that plaintiffs are required to show at this stage of the litigation." *Ahmed Hegazy*, 2022 U.S. Dist. LEXIS 159160, at \*6.

Defendants' assertion that there is no evidence that other servers did not receive all of the overtime they were owed or tips they earned is wrong. *See* D's MOL at 18-22. First, Plaintiff is not required to show that *all* putative collective members suffered FLSA violations and to prevail on a conditional certification motion, a plaintiff need only show that there are some other employees who were subject to the same allegedly unlawful policy or practice. *E.g.*, *Bocel*, 2022 U.S. Dist. LEXIS 69979, at \*7, (plaintiff identified 15 other employees subject to the same policies as him); *Ahmed Hegazy*, 2022 U.S. Dist. LEXIS 159160, at \*8-9 (plaintiff identified "several other

---

[7] For purposes of litigation strategy, Plaintiff declines to elaborate in detail herein, prior to Ms. Scognamillo's deposition, about the irregularities and other issues with Defendants' tip and pay documents.

employees" subject to the same policies). Plaintiff has identified at least 4 other servers who worked off the clock on weeks where they worked overtime and Plaintiff and Defendants agree that all the servers participated in the tip pool, so any tips diverted out of the pool would harm all servers equally. Hoti Decl. ¶¶ 6-13; Ymeraga Decl. ¶¶ 5-13; Lis Aff. ¶ 6.

Finally, it is of no import that Plaintiffs did not submit additional declarations from the current opt-in Plaintiffs because Plaintiffs' evidentiary submissions are sufficient on their own. *See e.g., Onate*, 2023 U.S. Dist. LEXIS 22543, at *6; *King*, 2022 U.S. Dist. LEXIS 18090, at *11-12. Further, while Plaintiffs' declarations differ slightly from Plaintiffs' complaint in the specific number of hours that Plaintiffs alleged they regularly worked per week, Plaintiffs are consistent that they routinely worked overtime and were routinely not paid for all hours they worked, including overtime hours, which is supported by Plaintiffs' pay stubs. *See* Am. Compl. ¶¶ 48-50; Hoti Decl. ¶¶ 5-10, Ex. 1; Ymeraga Decl. ¶¶ 5-10. Contrary to Defendants' contention, Plaintiffs are not required to amend their Complaint to address such discrepancies so long as the Complaint provides fair notice, which Plaintiffs' complaint does. *See generally Wynder v. McMahon*, 360 F.3d 73, 77-80 (2d Cir. 2004). Regardless, Defendants' argument that these minor discrepancies require the Court to discredit Plaintiffs' submissions is unsupported by any caselaw and disregards the applicable standard for this motion. *See Ahmed Hegazy*, 2022 U.S. Dist. LEXIS 159160, at *6.

### C. The Court Should Ignore Defendants' Irrelvant Asides Regarding Il Sorrento and The "Death Threats"

Defendants spend their motion detailing and arguing irrelevant points related to the Il Sorrento Restaurant and insinuate, with, admittedly, no evidence, that Plaintiffs made "death threats" against Defendants. *See* D's MOL at 4-6, 23-25; Lisa Aff. ¶¶ 21-33. However cathartic this may be for Defendants, this display is completely inappropriate, is a distraction from the issues relevant to this motion, and should be entirely disregarded by the Court. Plaintiffs' new restaurant

7

– Il Sorrento Restaurant – is simply not relevant, in any way, to the substantive issues underlying this motion, i.e., whether Plaintiffs were similarly situated to other servers and whether they were victims of a common policy or plan. *See Onate*, 2023 U.S. Dist. LEXIS 22543, at *6-7. Defendants' suggestion that Plaintiff's evidentiary submissions are untrustworthy or should not be credited because of Plaintiffs' association with Il Sorrento Restaurant is inappropriate and meant to confuse and obfuscate the issues. D's MOL at 4-6, 22-25.  Nothing about these ad hominin attacks on Plaintiffs' credibility changes the standard the Court applies in this motion – which limits the Court from making credibility determinations. *Ahmed Hegazy*, 2022 U.S. Dist. LEXIS 159160, at *6.

Defendants' insinuation that Plaintiffs are connected to alleged "death threats" that Defendants received is outrageous and without basis. *See* D's MOL at 4, 23-25, Lisa Aff. Ex. A. Defendants admit they have no evidence that Plaintiffs are connected to these mailings, but, nevertheless, include them in their opposition to generate of fog of suspicion against Plaintiffs and to distract from the substantive issues underlying the motion.[8] Defendants not even attempt to link these threats with the substance of Plaintiffs' motion, but suggest that because these threats occurred, the Court should not conditionally certify a collective. D's MOL at 25. This is nonsense.

### D.  Plaintiffs' Proposed Notice and Plan of Notice Should Be Approved

Defendants raise two issues with Plaintiffs' proposed notice – that the opt-in plaintiffs should be directed to file their consent to join forms directly with the Court and that Defendants'

---

[8] Defendants apparently use this litigation tactic routinely and have specifically accused, under oath, other litigation opponents of sending these exact same "death threats." On September 18, 2024, in support of a contempt motion in a 25-year-old trademark infringement case, Defendant Lisa Scognamillo accused Patsy's Pizzeria's ownership (the defendants in that case) of sending the same "death threats" for which Defendants now insinuate Plaintiffs are responsible. DiGiulio Decl. ¶ 4, Ex. 1; *see Patsy's Brand Inc. v. I.O.B. Realty Inc., et al,* Case No. 99-cv-10175 (S.D.N.Y.). Notably, Ms. Scognamillo repeatedly attests that she "has little doubt that the [death threat] letters were transmitted by" the defendants in that case and that the defendants in that case have a history of sending things to Patsy's Restaurant. DiGiulio Ex. 1 ¶¶ 4, 13-14.

8

attorneys' contact information should be include in the notice. *See* D's MOL at 25-26. The Court should reject both of these proposals.

The Court should reject Defendants' request to require opt-in plaintiffs to send their consent to join forms directly to the Court, instead of to Plaintiffs' counsel, because this procedure would unduly burden the Court with unnecessary administrative costs.[9] *See e.g., Dilonez v. Fox Linen Serv.*, 35 F. Supp. 3d 247, 257-258 (E.D.N.Y. July 25, 2014) (rejecting proposal to require consent to sue forms to be sent directly to the clerk of court because "in light of the budgetary constraints and financial imitations faced by the federal courts, the more practicable and efficient method of opting in is for the consent forms to be sent to plaintiffs' counsel"); *see also Nahar v. Dozen Bagels Co.*, Case No. 15 CV 1613, 2015 U.S. Dist. LEXIS 143839, at *18 (S.D.N.Y. Oct. 20, 2015). The Court should approve Plaintiffs' proposed plan to require opt-in plaintiffs to submit their consent to join forms to Plaintiffs' counsel. *See e.g., Guevara v. Fine & Rare Operations LLC*, Case No. 20 CV 5330, 2022 U.S. Dist. LEXIS 4833, at *31 (S.D.N.Y. Jan. 10, 2022).

Defendants' request to include their attorneys' contact information in the notice should be rejected. "[T]here is no compelling reason why the notice should include Defendants' contact information, as it would be inappropriate for any opt-in plaintiff to contact Defendants' lawyers directly." *Chunyung Cheng v. Via Quadronno LLC*, No. 20 CV 8903, 2021 U.S. Dist. LEXIS 182289, at *16, (S.D.N.Y. Sept. 23, 2021). To the extent the Court finds it appropriate to reference

---

[9] Defendants do not explain why they seek to require opt-in plaintiffs to submit their consent to join forms directly to the Court rather than to counsel. Accordingly, it is unclear whether Defendants actually object to completed consent to join forms from being submitted to Plaintiffs' counsel. *See* D's MOL at 26. Moreover, the administrative burdens on the Court are heightened because the consent to join forms include space for opt-in plaintiffs to provide their complete contact information. This is necessary to ensure that Plaintiff's counsel has full and accurate contact information for any person who becomes an opt-in plaintiff. This information would need to be redacted by the Clerk's office before the forms are filed via ECF, and the unredacted forms would also have to be provided to Plaintiff's counsel. *See Morris v. Lettire Const., Corp.*, 896 F. Supp. 2d 265, 274 (S.D.N.Y. 2012). In addition, having the consent to join forms returned to counsel will enable potential opt-in plaintiffs to submit their forms via multiple methods (mail, e-mail, fax), giving them the option to use the most convenient method rather than relying solely on mail delivery to the Clerk of Court.

Defendants' counsel in the notice, that reference should be to counsel's law firm's name only, in line with what Courts in this Circuit have approved in other cases.[10] *See e.g., Ahmed Hegazy*, 2022 U.S. Dist. LEXIS 159160, at *12.

Because Defendants do not object to any other language in the proposed notice, the discovery sought by Plaintiff from Defendants in order to effectuate notice, the proposed three-year notice period, or the plan for disseminating the notice, *see* D's MOL at 25-26, the Court should approve these aspects of Plaintiffs' motion, *see* P's MOL at 9-11.

## II.  CONCLUSION

For the reasons set forth herein and in Plaintiffs' moving papers, Plaintiffs respectfully request that the Court grant their motion in full.

Dated:  New York, New York

    July 18, 2025　　　　　　　　　　　　　JOSEPH & KIRSCHENBAUM LLP

                                                          By: /s/ Michael DiGiulio
                                                             Michael DiGiulio
                                                             32 Broadway, Suite 601
                                                             New York, New York 10004
                                                             (212) 688-5640

                                                            *Attorneys for Plaintiff, proposed FLSA Collective, and proposed Class*

---

[10] If the Court requires the notice to identify Defendant's counsel, Plaintiff proposes the following language: "Defendant is represented by Franklin, Gringer & Cohen, P.C. If you choose to join this case, you should not contact the Defendant's lawyers directly yourself." *See Cheng*, 2021 U.S. Dist. LEXIS 182286, at *16-17.