UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------  x

KRESHNIK HOTI and DESIART
YMERAGA, on behalf of themselves and
others similarly situated,

            Plaintiffs,

      -against-

PATSY'S ITALIAN RESTAURANT INC.,
d/b/a PATSY'S ITALIAN RESTAURANT,
SAL SCOGNAMILLO, JOSEPH
SCOGNAMILLO, and LISA
SCOGNAMILLO,

           Defendants.

--------------------------------------------------------  x

Civil Action No.: 24-cv-06991

--------------------------------------------------------  x

KRESHNIK HOTI and DESIART
YMERAGA,

           Plaintiffs,

      -against-

PATSY'S ITALIAN RESTAURANT INC.,
d/b/a PATSY'S ITALIAN RESTAURANT,
and SAL SCOGNAMILLO,

           Defendants.

--------------------------------------------------------  x

Civil Action No.: 24-cv-06999

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO
EXCLUDE WITNESS**

JOSEPH & KIRSCHENBAUM LLP
Michael DiGiulio
45 Broadway, Suite 320
New York, NY 10006
212-688-5640

*Attorneys for Plaintiff*

## I.   INTRODUCTION[1]

In the Parties' proposed joint pretrial order ("JPTO") (filed concurrently with this motion), Defendants include the witness Peter "Patsy" Scognamillo ("Scognamillo Witness") on the list of witnesses they intend to call at trial. The Scognamillo Witness was not disclosed by Defendants in their initial disclosures or at any point in discovery in this litigation and is being proffered to support Defendants' good character in violation of Federal Rule of Evidence ("Rule") 404. Defendants' attempt to include this individual as a witness at trial openly violates the basic rules of discovery, prejudices Plaintiffs both procedurally and substantively, and, for the reasons set forth below, the Court should preclude Defendants from calling this witnesses at trial, or, at the very least, Plaintiffs should have the opportunity to depose the Scognamillo Witness prior to trial.

## II.   RELEVANT BACKGROUND

This case was originally filed in September 2024. Dkt. No. 5. In their initial disclosures, Defendants identified the following individuals as "likely to have discoverable information":

1) Defendants[2];

2) Dalikor Zandel

3) Eto Purisic;

Ex. A at 2.  In the JPTO, Defendants have not identified Dalikor Zandel or Eto Purisic as witnesses. The only witness identified by Defendants as a witness in their JPTO is the Scognamillo Witness, who was not identified in Defendants' Rule 26 disclosures. *See* Ex. A. At not point has Plaintiffs identified the Scognamillo Witness as a potential witness in this case. (DiGiulio Decl. ¶ 3).

---

[1]  In support of their motion, Plaintiffs submit the May 29, 2029 Declaration of Michael DiGiulio ("DiGiulio Decl.") and exhibits annexed thereto which are cited herein as "Ex. __."

[2] Defendants in this case are Patsy's Italina Restaurant Inc., d/b/a Patsy's Italian Restaurant, Sal Scognamillo, Joseph Scognamillo, and Lisa Scognamillo.

Relevant here, Plaintiffs are Albanian and allege that Defendants discriminated against them because of their Albanian ethnicity and nationality in violation of 42. U.S.C. § 1981, and the New York City Human Rights Law ("NYCHRL"). *See* Dkt. No. 1. To be clear, Plaintiffs do not allege that Defendants discriminated against them based on their sexuality or that they were harassed or abused because of their sexuality. The only discrimination claim in this case is that Defendants discriminated against Plaintiffs because they are Albanian. *See* Dkt. No. 1 at ¶¶ 8-31. As part of that discrimination, Plaintiffs allege that they were subjected to verbal abuse by Defendant Sal Scognamillo and other managerial employees at Defendants' Restaurant. *See* Dkt. No. 1 at ¶¶ 8-31. Importantly, Plaintiffs do not allege that the Scognamillo Witness discriminated against Plaintiffs or were witnesses to such discrimination. Discovery closed in this matter early in early 2026. (DiGiulio Decl. ¶ 4).

During the parties' drafting of the JPTO, on May 7, 2026, Defendants, for the first time in the year and a half litigation, identified the Scognamillo Witness as a witness. (DiGiulio Decl. ¶ 5). Defendants asserted that they would call her for the purpose of testifying about "about her relationship with her family and treatment as a gay and transgendered male at the Restaurant." *See* JPTO, Section X(B). Specifically, the Scognamillo Witness is the transgender daughter of Defendants Sal and Lisa Scognamillo and the sister of Defendant Joseph Scognamillo, who occasionally worked at Defendants' Restaurant. (DiGiulio Decl. ¶ 6).

On May 11, 2026, among other things, Plaintiffs objected to Defendants calling this witness. (DiGiulio Decl. ¶ 7). Plaintiffs object to calling this witness because: 1) Defendants had not disclosed her previously, 2) the subject matter on which she would be testifying is irrelevant to the case and prejudicial under Rule 403, and 3) the subject matter is evidence of "good character" which is prohibited under Rule 404.

On May 12, 2026, the parties met and conferred on this issue but were unable to resolve the dispute. (DiGiulio Decl. ¶ 8). At the meet and confer, Defendants took the position that Plaintiffs were "on notice" of Defendants' calling the Scognamillo Witness because Plaintiffs had testified about the Scognamillo Witness in response to questions about her at the deposition, and that her testimony about her treatment by her parents and brother as a gay and transgendered person is related to whether Defendants discriminated against Plaintiffs for being Albanian, including whether Defendants, on one occasion insulted Plaintiff Hoti by vulgarly suggesting that he was gay. (DiGiulio Decl. ¶ 9). Because Defendants failed to disclosure this witness and the testimony Defendants seek to introduce as evidence is not relevant to the case, highly prejudicial, and inadmissible character evidence, Plaintiffs seek and order barring Defendants from calling the Scognamillo Witness at trial.

## III.    ARGUMENT

"The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Hart v. RCI Hosp. Holdings, Inc.*, 90 F. Supp. 3d 250, 257-58 (S.D.N.Y. 2015) (citation omitted). Here, for the reasons set forth below, the Court should preclude Defendants from calling the Scognamillo Witness who was not disclosed until the eve of trial.

### A.  Standard for Disclosure under FRCP 26 and Preclusion under Rule 37

Fed. R. Civ. P. Rule 26 requires parties to disclose "each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i) (providing that the disclosing party must include each individual's address and telephone number, if known). In

3

addition, "a party must provide to the other parties and promptly file" the identities and contact information of all witnesses "it may present at trial." Fed. R. Civ. P. 26(a)(3)(A)(i). Rule 26(e) in turn, requires a party to supplement those disclosures in a timely manner should it discover that they were incorrect or incomplete. Fed. R. Civ. P. 26(e).

Rule 37 provides that: "If a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The purpose of the rule is "to prevent the practice of 'sandbagging' an adversary with new evidence," *Johnson Elec. N. Am. v. Mabuchi Motor Am. Corp.*, 77 F. Supp. 2d 446, 458 (S.D.N.Y. 1999), and "to alert an opposing party of the need to take discovery of the named witness." *Pal v. N.Y. Univ.*, No. 06-cv-5892, 2008 U.S. Dist. LEXIS 50902, at *10, 2008 WL 2627614, at *4 (S.D.N.Y. June 30, 2008). *See also, e.g., CSC Holdings, Inc. v. Berube* 2004 U.S. Dist. LEXIS 28399, at *3 (E.D.N.Y. July 7, 2004) (Rule 37(c)(1) is "designed to avoid ... gamesmanship ... [and] to provide a strong inducement for disclosure of Rule 26(A) material.") (internal quotation marks omitted); *Kullman v. State*, No. 07-CV-716 (GLS/DRH), 2009 U.S. Dist. LEXIS 51271, at *17 (N.D.N.Y. May 20, 2009) ("A primary purpose of the requirements for initial disclosure of witnesses and supplementation is to afford notice to opposing parties at the earliest possible time so that opposing parties may prepare to defend against such testimony by, for example, taking the depositions of such witnesses.").

In this case, there is no dispute that Defendants did not identify the Scognamillo Witness in their Rule 26 disclosures until now, the eve of trial. Under these circumstances, the caselaw is clear that Defendants should not be able to call this witness at trial.

## B. The Court Should Preclude The Witness from Testifying at Trial

"The imposition of sanctions under Rule 37 lies within the broad discretion of the trial court." *Beata Music LLC v. Danelli*, No. 18 Civ. 6354 (JGK), 2021 U.S. Dist. LEXIS 10434, 2021 WL 195708, at *4 (S.D.N.Y. Jan. 20, 2021) (citing *Minotti v. Lensink*, 895 F.2d 100, 102-03 (2d Cir. 1990)). In exercising that discretion, courts in this Circuit generally consider four factors: (1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance. *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (quoting *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997)). Here, sandbagging Plaintiffs with this undisclosed witness on the eve of trial is "is precisely the type of conduct that Rule 37(c)(1) is meant to prevent." *Pal*, 2008 U.S. Dist. LEXIS 50902, at *5 (precluding testimony from previously undisclosed witnesses); *see also Sterling-Kates Props. Joint Venture v. United States*, 5 Cl. Ct. 398, 400 (Cl. Ct. 1983) ("The customary, and by no means unreasonable, sanction for such an omission is to provide that the party is prohibited from introducing at trial any evidence of which it failed to provide notice through the required pretrial submission.")

With respect to the first factor, when confronted with their obvious gamesmanship here, Defendants acknowledged that they never properly disclosed any of the individuals in discovery, but state that Plaintiffs were "on notice" that she may be called as a witness because Defendants' counsel *asked Plaintiffs* specifically about her at their depositions. (DiGiulio Decl. ¶ 9). That is, Defendants specifically asked Plaintiffs about the Scognamillo Witness, and Plaintiffs responded. *See* (DiGiulio Decl. ¶ 10). In other words, Plaintiffs did not identify the Scognamillo Witness as a person with knowledge in response to a question, Defendants raised the identity of the Scognamillo Witness with Plaintiffs. (DiGiulio Decl. ¶ 11). Asking about an individual at a deposition is simply

5

not sufficient to put the opposing party on notice that the individual may be called as witness, and Defendants cannot point to any legal authority supporting such a position.

Nevertheless, that argument misses the point. "[Plaintiffs'] knowledge of the existence of a witness does not satisfy the Rule 26(a)(1)(A) disclosure obligation; that obligation is fulfilled only if [Defendants] informed [Plaintiffs] that *it might call the witness* in support of its claims or defenses." *Pal v. N.Y. Univ.*, 2008 U.S. Dist. LEXIS 50902, at *9 (S.D.N.Y. June 30, 2008)(emphasis added); (citing *Alfano v. Nat'l Geographic Channel*, No. CV 06-3511 (NG) (JO), 2007 U.S. Dist. LEXIS 74674, at *1 (E.D.N.Y. Oct. 5, 2007) (Rule 26(a)(1) requires the disclosure "not merely that a person is a potential source of information, but that the party may call upon him to provide it.")).

Accordingly, the first factor "'cuts heavily against' [Defendants], as they do 'not even attempt to proffer a legitimate explanation for' their thirteenth hour disclosure of the witness[] at issue…whom they have known about …. since even before they filed their complaint in this action." *Downey,* 2018 U.S. Dist. LEXIS 21068, at *2-3 (quoting *Ward v. GM LLC (In re GM LLC Ignition Switch Litig.)*, No. 14-MD-2543 (JMF), 2017 U.S. Dist. LEXIS 103890, at *2 (S.D.N.Y. July 5, 2017) (internal quotation marks omitted)

The second Patterson factor weighs in favor of Plaintiffs as well.  First, as a general matter, the greater Defendants protest that the Scognamillo Witness's testimony is "important," the more they can be accused of sandbagging and gamesmanship by failing to disclose this witness until the thirteenth hour. *See, e.g., Benzinger v. Lukoil Pan Ams., LLC*, 2021 U.S. Dist. LEXIS 23597, at *9 (S.D.N.Y. Feb. 8, 2021) (noting that emphasizing the "centrality" of the newly disclosed information, only "amplifies the prejudice caused by [the] post-discovery designation"); *In re GM LLC Ignition Switch Litig.*, 2017 U.S. Dist. LEXIS 103890, at *346 ("the second and third factors

6

are inversely correlated. Thus, the more critical the evidence at issue is to [Defendants'] case, the more prejudice that [Plaintiffs] would suffer if the Court were to allow [Defendants] to use it and, by extension, the more the third factor would favor preclusion"); *Simon v. City of N.Y.*, 2017 U.S. Dist. LEXIS 1629, at \*18 (S.D.N.Y. Jan. 5, 2017) ("Generally, the greater the importance of a witness, the more prejudice is suffered by the defendants by not having had the opportunity to depose that witness, seek documents from him or her, or question other witnesses about the witnesses' activities or knowledge.") (citation and internal quotation marks omitted)).

In any event, Defendants cannot legitimately claim that preclusion of this witness will hamper or prejudice their ability to put forth a complete defense of the Plaintiffs' claims in this action. First, Defendants do not contend that the witness will testify about any of the wage and hour issues – i.e., payroll, how much Plaintiffs worked, how Plaintiffs were paid, etc. Instead, Defendants only seek to use the witness for the discrimination claims. However, the Scognamillo Witness would not testify about how Defendants treated Plaintiffs (because she was not often in the Restaurant) but instead would testify about how Defendants *treated her*. *See* JPTO, Section X(B). That is, Defendants apparently want to use the witness to show that Defendants are good people who treat their transgender child well. As discussed below, this is inadmissible character evidence under Rule 404, and the Court should prohibit them from entering such testimony into evidence.

Even if the subject matter was not inadmissible character evidence, testimony about how Defendants treated other individuals, including their transgender daughter, is simply not relevant to whether Defendants discriminated against Plaintiffs for being Albanian. And allowing this testimony into evidence is also prejudicial, in that it would distract the jury and focus the case on

7

whether Defendants treated their family members well as opposed to how they treated their Albanian employees.

Finally, courts frequently consider the last two *Patterson* factors— the prejudice suffered by the opposing party and the possibility of a continuance — together.  Here, the prejudice to the Plaintiffs is apparent. Should the Court allow Defendants to call the Scognamillo Witness without being able to depose her first, Plaintiffs would be greatly prejudiced. *Breitenbach v. United States*, 2019 U.S. Dist. LEXIS 191612, at *7 (N.D.N.Y. Nov. 5, 2019) (finding prejudice since "[a]t a minimum, Plaintiff's failure [to disclose] deprived Defendants of the opportunity to depose these witnesses, thereby denying them the chance to anticipate potential testimony and assess their credibility"). If the Court re-opened discovery to allow Plaintiff to depose the witness, it would unnecessarily delay the upcoming trial. *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 297 (2d Cir. 2006) (upholding a decision to preclude information disclosed after the discovery deadline in part because "[t]he prejudice […] in having to prepare for this evidence would have been severe, as discovery would have had to be reopened").

In short, Defendants have no justification for this late disclosure, nor do they have justification for even calling this witness. Whatever testimony Defendants seek to elicit from the Scognamillo Witness would be irrelevant and inadmissible character evidence. Regardless, this witness was not disclosed, and courts consistently decline to allow a continuance of discovery where, as here months—have passed since the discovery deadline passed, or the case was on the eve of trial. Thus, all four *Patterson* factors favor the Court precluding the testimony of the Scognamillo Witness.

### C. The Witness Should be Excluded Because Her Testimony Consists of Inadmissible Character Evidence under Rule 404

"Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait…" Fed. R. Evid. 404(a). Character evidence in civil cases is inadmissible unless it falls within one of the stated exceptions. *See Securities and Exchange Commission v. Tower Financial Corp.*, 966 F. Supp. 203 (S.D.N.Y. 1997). The exemptions which allow in character evidence for *witnesses* for impeachment purposes, for truthfulness, or for previous convictions and which allow in character evidence for criminal defendants under certain conditions, do not apply here. Fed. R. Evid. 404(a)(2), (3).

Here, Defendants intend to call the Scognamillo Witness to testify about her family treated her as a gay and transgender person. *See* JPTO, Section X(B). Defendants contend that this is relevant because it would show that Defendants would not discriminate against Plaintiffs because they are Albanian and that, specifically, they would not use a gay slur to insult Plaintiffs. This is precisely the type of character evidence that is prohibited under Rule 404, because it would be used to "prove that on a particular occasion" the Defendants did not use a gay slur against Plaintiffs, i.e., that Defendants did "act in accordance with [their good character] trait[s]." Fed. R. Evid. 404.

## IV.    CONCLUSION

For the foregoing reasons, testimony from the Scognamillo Witness should be excluded from trial.

Dated: New York, New York

     May 29, 2026

By:      _s/Michael DiGiulio_____
         Michael DiGiulio
         JOSEPH & KIRSCHENBAUM LLP
         45 Broadway, Suite 320
         New York, NY 10006
         Tel: (212) 688-5640


         *Attorneys for Plaintiffs*

10