UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
KRESHNIK HOTI and DESIART YMERAGA, on
Behalf of themselves and others similarly situated,          Index No.: 24 Civ. 6991 (JGLC)

Plaintiffs,

    -against-

PATSY'S ITALIAN RESTAURANT INC., d/b/a
PATSY'S ITALIAN RESTAURANT, SAL
SCOGNAMILLO, JOSEPH SCOGNAMILLO, LISA
SCOGNAMILLO,

Defendants.
-------------------------------------------------------------------------X

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE

Michael Yim, Esq.
**YIM LAW PLLC**
*Attorneys for Defendants*
670 West Broadway
Long Beach, New York 11561
(917) 933-1064

1

I.    **Preliminary Statement**

Defendants Patsy's Italian Restaurant Inc. d/b/a Patsy's Italian Restaurant ("Patsy's" or "Restaurant"), Sal Scognamillo, Joseph Scognamillo, and Lisa Scognamillo, by and through their attorneys, Franklin, Gringer & Cohen, P.C., respectfully submit this Memorandum of Law in Opposition to Plaintiffs' Motion in Limine.

Plaintiffs seek to exclude the testimony of Peter "Patsy" Scognamillo ("Patsy") despite the clear relevance, lack of prejudice, and their express knowledge of his potential testimony. Patsy is a transgendered person who worked alongside Plaintiffs and is the daughter of Defendants Sal and Lisa Scognamillo as well as the sister of Defendant Joseph Scognamillo. Despite this, Plaintiffs dedicate the near entirety of their hostile work environment allegations in the Complaint to the alleged use of barbaric homophobic slurs by Defendant Sal Scognamillo. Exhibit A, Complaint ¶¶ 24-26, 32. Plaintiffs further allege that Mr. Scognamillo directed others to participate in homophobic name calling in a constant and pervasive manner throughout the entirety of their employment. They allege that these slurs were specifically hurled at them because of their Albanian ethnicity/national origin. Indeed, Plaintiffs' hostile work environment claims depend heavily on portraying a work environment rife with homophobia. Patsy's testimony would attack Plaintiffs' homophobic work environment allegations and credibility by demonstrating a welcoming and nurturing work environment for himself as a transgendered person.

Plaintiffs sought testimony from Defendant Lisa Scognamillo in her deposition about Patsy's sexuality and role at the restaurant. Exhibit B, Deposition of Lisa Scognamillo (Excerpts), dated August 15, 2025. Plaintiffs further stated under oath in their depositions that Sal and Defendant Joseph Scognamillo engaged in homophobic abuse of Patsy at the restaurant. Exhibit C and D, Depositions of Plaintiffs Nick Hoti and Desiart Ymerga, respectively. Indeed, Plaintiff

2

Hoti alleged in sworn testimony that Peter "Patsy" Scognamillo witnessed his father make homophobic slurs at work and would get upset.  Exhibit C.  Hoti further went on to explain that Patsy and Sal had a fraught relationship due to Sal's alleged homophobia and daughter's lifestyle.  Exhibit C.  Plaintiff Hoti also testified that Defendant Joe Scognamillo similarly harassed Patsy for wearing women's clothing at the restaurant.  Exhibit C.  Plaintiff Ymerga, similarly, testified that Patsy and Sal would often have arguments at the restaurant because of Patsy's membership in the "gay community".  Exhibit D.

Plaintiffs were also fully aware that Defendant Sal Scognamillo received a series of harassing and threatening mail.  Exhibit B.  The first one, postmarked August 12, 2024, contained a printout from Patsy's Instagram page of him in makeup with handwritten homophobic insults.  Exhibit E, various harassing and threat mailings.  This was approximately one month prior to the termination of their employment.  In that same month, Plaintiffs also commenced renovations on a new restaurant that they would open in November 2024.  The last mailing, postmarked September 24, 2024, made the threat "Your day in Court. Lisa, Sal, Joey.  Frank is dead.  Who is next?"  This mailing was postmarked one week after Plaintiffs filed the instant action.  Exhibit E.

Plaintiffs deposed Defendant Lisa Scognamillo on August 11, 2025, where Mrs. Scognamillo testified that she was terrified by the mailings and believed that Plaintiffs were involved with the threats.  Exhibit B.  Initially, Defendants were reluctant to allow Patsy to testify out of fear for her safety.  Patsy made the request to testify after learning about Plaintiffs' allegations about her interactions at the restaurant.  After two years since the initial homophobic mailing and passage of time, Defendants have become less fearful and have decided to permit Patsy to testify at her request.

## II.    LEGAL ARGUMENT

### A.  Defendants Demonstrate Good Cause and Lack of Prejudice in Presenting Patsy Scognamillo as a Trial Witness

The purpose of Rule 26 disclosures "is to alert an opposing party of the need to take discovery of the named witness." Pal v. New York Univ., 2008 WL 2627614, at *4 (S.D.N.Y. 2008).  If a party fails to disclose a witness in its Rule 26 disclosures, the Court considers "(1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the testimony of the precluded witnesses; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." Patterson v. Balsamico, 440 F.3d 104, 117 (2d Cir. 2006). "Preclusion is a harsh remedy that should only be imposed in rare situations," *Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 68 (E.D.N.Y. 2012) (internal quotation marks omitted).

Here, Patsy's name was not initially included in Defendants' Rule 26 Disclosure due to reasonable and objective fear of harassment and physical threats against Patsy.  Immediately prior to the commencement of litigation and while Plaintiffs commenced renovations of their new restaurant business, the family received homophobic and threatening mailings with a clear reference to their participation in litigation.  Defendants Sal and Lisa Scognamillo initially did not want Patsy to be identified as a witness due to these exact fears.  However, two years have passed since those mailings.  Patsy has expressed a desire to participate as a witness to undermine allegations of homophobic abuse and environment at the restaurant.

Plaintiffs placed allegations of a homophobic work environment as a core detail in the Complaint.  They testified in deposition that Defendants Sal and Joseph Scognamillo acted openly homophobic in front of employees and customers in an abusive manner towards Patsy. Plaintiffs testified Patsy was a regular presence as a salad maker in the kitchen and as a family

member.  His treatment as a transgendered individual cannot be segregated from Plaintiffs' allegations of a willfully fostered homophobic work environment – even if used for racial/ethnic discriminatory purposes.  The credibility of whether Sal and other employees would mock Plaintiffs in a homophobic manner cannot be divorced from the presence and treatment of an openly transgendered co-worker and family member.

Plaintiffs do not suffer any prejudice.  From the onset of litigation, Plaintiffs were aware that Defendants received homophobic mailings targeted at Patsy's.  In August 2025, Plaintiffs deposed Defendant Lisa Scognamillo and asked questions about the mailing, Patsy's role at the restaurant and Patsy's gender identification.  Both Plaintiffs testified in deposition that they knew that Patsy was transgendered and alleged that Defendants Sal and Joseph Scognamillo hurled homophobic remarks at Patsy's because of her identity.  Plaintiff Hoti testified that Patsy was a "great guy", vouching for his reputation and credibility.  There is no cause for concern that Patsy would provide false or misleading testimony as a tactic.

**B.  Patsy Scognamillo would Serve as an Impeachment Witness to Undermine Plaintiffs' Credibility Concerning the Existence of a Homophobic Work Environment**

In the alternative, Rule 26 disclosure requirements do not apply to evidence offered "solely for impeachment," Fed.R.Civ.P. 26(a)(3)(A).  See Ling-Rong Chen v. City of Syracuse, 385 F. App'x 41, 42 (2d Cir. 2010) (permitting witness to testify concerning events that occurred on a specific date).  Here, Plaintiffs unequivocally alleged that Defendant Sal Scognamillo intentionally fostered an environment where homophobic slurs were used freely by himself and directed other employees to use such language.  Plaintiffs dedicate the core of their hostile work environment allegations in the Complaint to homophobic allegations.  Patsy regularly worked at the restaurant as a salad maker in kitchen and regularly visited the restaurant as a family

5

member.  Plaintiffs have testified that they witnessed Defendants Sal and Joe Scognamillo openly abuse Patsy due to his sexuality and transgender lifestyle.  Patsy's testimony would directly impeach Plaintiffs' credibility as to the environment created and attitudes fostered by Defendants at the restaurant.

## III.   CONCLUSION

For all the reasons stated above, Defendants respectfully submit that Plaintiffs' motion for limine to preclude Patsy Scognamillo's testimony should be denied.


Dated:  Long Beach, New York
    July 2, 2026

                                                    **YIM LAW PLLC**


                                                    ___/s/_____
                                                    Michael Yim, Esq.
                                                    *Attorneys for Defendants*
                                                    670 West Broadway
                                                    Long Beach, New York 11561
                                                    (917) 933-1064



Cc: Counsel for Plaintiff (via ECF)